Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0630 | **DATE** | March 11, 2011 |
| **CASE TITLE** | Jose Cruz (#2010-0605096) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's renewed motion for appointment of counsel [8] is respectfully denied without prejudice. Plaintiff again is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the jail, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical/mental health needs. More specifically, Plaintiff alleges that Defendants have refused him counseling and psychotropic medication despite his long-documented need for psychiatric care. This matter is before the Court for ruling on Plaintiff's renewed motion for appointment of counsel.

The motion is denied without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. See *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); see also *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court has discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel for an indigent litigant. See *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for appointment of counsel, a court first must consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. See *Pruitt*, 503 F.3d at 654. Next, a court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. See *id.* at 654-55. Another **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

consideration is whether assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. See *id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); see also N.D. Ill. Local R. 83.36(c) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the factors listed above, the Court is satisfied that appointment of counsel is not warranted at this stage of this case. As discussed in the Court's Minute Order of February 22, 2011 [6], although the complaint sets forth cognizable claims and involves issues of mental health, Plaintiff has alleged no disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary to investigate the claims. Plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case, notwithstanding his psychiatric condition and lack of higher education. Taking psychotropic medications does not necessarily give rise to the "exceptional circumstances" noted in *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). See *Romanelli*, 615 F.3d at 849 (quoting with approval the district judge's observation that "the whole point of taking anti-depressants is to allow the person taking them to think and act rationally"). The Court also notes that *pro se* litigants are granted wide latitude in the handling of their lawsuits. For all of these reasons, Plaintiff's motion for appointment of counsel is denied at this time without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this issue, either on its own motion or on Plaintiff's renewed motion.

Finally, the Court respectfully reminds Plaintiff that he must provide an original plus a judge's copy of every document that he files in this case.