# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11 C 00630 |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| THOMAS DART, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jose Cruz alleges that he was repeatedly denied treatment for his mental illnesses while he was detained in the Cook County Jail. In his amended complaint [37], he asserts that "one or more of" Defendants Cook County Sheriff Tom Dart, Dr. Avery Hart, Dr. Terry Marshall, Dr. Naneeka Jones, Salvador Godinez, Dr. David Kelner, Sergeant Carter, unknown Cook County medical personnel, and unknown Cermak Health personnel violated his Fourteenth Amendment due process rights (Count I) and intentionally inflicted emotional distress upon him (Count II) by remaining deliberately indifferent to his medical needs. In Count III, Plaintiff invokes *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) and alleges that Dart and Cook County – which he has not named as a defendant – violated his Fourteenth Amendment due process rights pursuant to five "interrelated informal policies, practices and/or customs of the Sheriff of Cook County and his CCDOC personnel." [37 ¶ 47]. In Count IV, Plaintiff alleges that Cook County, as the employer of the individual defendants and pursuant to 745 ILCS 10/9-102, should be responsible for any compensatory damages he may be awarded. Plaintiff purports to sue all Defendants in both their individual and official capacities [37 ¶ 14].

The named Defendants have moved to dismiss portions of Plaintiff's amended complaint. [47]. Defendants Hart, Marshall, Jones, and Godinez seek dismissal of the § 1983 claims asserted against them in their individual and official capacities. Defendants Kelner and Carter seek to dismiss only those § 1983 claims sounding against them in their official capacities. All Defendants sued in their official capacities seek dismissal of claims for punitive damages under 42 U.S.C. § 1983.

## I. Background

The following allegations are taken from Plaintiff's amended complaint [37]. The Court accepts as true all well-pleaded facts alleged and all reasonable inferences in Plaintiff's favor that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

Plaintiff was diagnosed with attention deficit disorder, hyperactivity, and depression ("mental illnesses") during his childhood and has been hospitalized for these mental illnesses "on numerous occasions during his lifetime." [37 ¶ 15]. Psychiatrists have determined that he needs both medication and other forms of treatment (collectively "treatment") to control his mental illnesses, which if untreated impair Plaintiff's concentration and foment aggressive behavior and suicidal tendencies. [37 ¶ 16].

In July 2010, Plaintiff was detained at the Cook County Jail. [37 ¶ 18]. He had been held there "several times previously," and had always received treatment for his mental illnesses during these stays. [37 ¶ 17]. When Plaintiff felt "mentally sick" during his July 2010 detention at the facility, he sought treatment for his mental illnesses by submitting a "request slip" to Detainee Health Services. [37 ¶ 18]. Later that summer Plaintiff was transferred to Jefferson County Jail. [37 ¶ 19]. He received treatment there after filing a grievance. [37 ¶ 19]. Prior to Plaintiff's transfer back to the Cook County Jail, medical personnel at the Jefferson County Jail

informed the Cook County Jail Cermak Health Services ("Cermak") that Plaintiff needed treatment to control his mental illnesses. [37 ¶ 19].

Upon his return to Cook County Jail, Plaintiff did not receive any treatment, [37 ¶ 20], so he took steps both within and outside Jail channels to rectify the situation. On November 13, 2010, he sent a letter to the Cook County Sheriff, Defendant Tom Dart, "seeking help." [37 ¶ 20]. Dart did not respond. [37 ¶ 20]. Plaintiff also submitted additional "request slips" for treatment; those too were ignored. [37 ¶ 20]. On November 27, Plaintiff filed a grievance against Cermak and the Cook County Department of Corrections ("CCDOC"). [37 ¶ 21]. On November 30, Plaintiff was evaluated – he does not specify by whom – and diagnosed as mentally ill. [37 ¶ 22].

On December 1, Plaintiff's criminal defense attorney spoke to a social worker about Plaintiff's medical needs, and the social worker in turn informed the CCDOC division superintendent about them. [37 ¶ 28]. The superintendent did not authorize treatment for Plaintiff. [37 ¶ 28]. On December 6, Plaintiff submitted another grievance. [37 ¶ 23]. On December 13, Plaintiff's November 27 grievance was answered and he was referred to treatment. [37 ¶ 21]. Plaintiff was still denied "adequate" treatment, however. [37 ¶¶ 21, 23]. On December 21, Plaintiff's attorney sought an order from a Cook County court "demanding Treatment for the Plaintiff." [37 ¶ 29]. The court ordered treatment, but Plaintiff still did not receive any. [37 ¶ 29]. On December 30, Defendant Dr. David Kelner prescribed medication to Plaintiff. [37 ¶ 27].

Plaintiff's quest to receive treatment continued into the new year. On January 4, 2011, he filed a third grievance. [37 ¶ 24]. He was still denied "adequate treatment," [37 ¶ 24], and his attorney sought and obtained a second court order for treatment on January 6. [37 ¶ 30]. When the CCDOC divisional chief came to his cell to conduct a routine search on January 8, Plaintiff

3

showed him the court orders and prescriptions. [37 ¶ 25]. The chief and Defendant Sergeant Carter promised to get Plaintiff an evaluation, but they failed to do so. [37 ¶ 25]. On January 12, Plaintiff's attorney reminded the divisional superintendent about Plaintiff's "serious medical needs." [37 ¶ 31]. Plaintiff still did not receive treatment. [37 ¶ 31].

On January 18, Plaintiff told a jail officer that he was having chest pains. [37 ¶ 26]. Plaintiff was taken to Cermak, where he begged for treatment for his mental illnesses. [37 ¶ 26]. On January 31, Plaintiff received a response rejecting his grievances. It stated, "per patient care, patient was seen by psychiatrist – no meds were ordered." [37 ¶ 27]. Plaintiff alleges the response was false because Defendant Dr. Kelner prescribed him medication on December 30. [37 ¶ 27].

On February 7, a jail officer rescued Plaintiff from an attempt to hang himself. [37 ¶ 32]. "On a later date," Plaintiff took "scores of pills" in a second suicide attempt. [37 ¶ 33]. He was rushed to Cermak and given medication for his mental illnesses. [37 ¶ 33]. Upon his return to the Jail, however, he did not receive further treatment. [37 ¶ 35].

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

### III. Analysis

#### A. Individual-Capacity Claims

Defendants Hart, Marshall, Jones, and Godinez argue that Plaintiff's § 1983 claims against them in their individual capacities should be dismissed because Plaintiff failed to allege that they were personally involved in his alleged mistreatment. They rest this argument primarily on *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam), in which the Seventh Circuit affirmed the dismissal of a *pro se* § 1983 complaint that named a defendant in the caption but failed to allege any specific act or conduct on the part of the defendant. See [47 at 5-6]. Plaintiff responds that his amended complaint is distinguishable from the one dismissed in *Potter* because he named Hart, Marshall, Jones, and Godinez in the caption and made factual

5

allegations "against all of the defendants and not just one." [49 at 5]. Moreover, he argues, "Defendants are represented by counsel and the pleadings adequately describe[ ] and distinguish [ ] both medical, and security * * * deficiencies as to all defendants." [49 at 5]. He cites *Lewis v. Cook County Department of Corrections*, 28 F. Supp. 2d 1073 (N.D. Ill. 1998), and *Moore v. City of Chicago*, No. 02-cv-5130, 2004 WL 2260623, at *1 (N.D. Ill. Sept. 30, 2004), in support of his position.

The Court agrees with Defendants that the amended complaint in this case is more akin to the skeletal complaint described in *Potter* than the more robust complaints described in *Lewis* and *Moore*. Defendants Hart, Marshall, Jones, and Godinez are mentioned only in the caption of Plaintiff's amended complaint and in three paragraphs alleging Plaintiff's belief that they were employed by Cook County in unspecified capacities. [37 ¶¶ 6, 7, 9]. None of the amended complaint's substantive factual allegations mentions Hart, Marshall, Jones, or Godinez by name or general title (i.e., "unknown physician" or the like), nor are there any allegations concerning acts or omissions by these individuals. In *Lewis*, the plaintiff's complaint alleged that specific defendants engaged in specific conduct: "Plaintiff stated that 'Defendants Hickey, Dougherty, and Tribillco questioned the Plaintiff about a mark, reddened in color, on the Plaintiff's neck.'" *Lewis*, 28 F. Supp. 2d at 1079. Here, Plaintiff has set forth similarly detailed allegations in his amended complaint, see, *e.g.* [37 ¶ 19] ("Plaintiff informed Nurse Cici Brown, Case Manager Jennifer Knopp, and Dr. Parks * * * of his serious medical conditions."), but not against these four Defendants.

In *Moore*, the court denied defendant's motion to reconsider the denial of her motion to dismiss and emphasized that the defendant had notice of the allegations against her, in part because plaintiff deposed her for the purpose of discovering the names of "unknown individuals"

mere days before amending his complaint to specifically include her in the caption. *Moore*, 2004 WL 2260623 at *1-2. There is no indication that Hart, Marshall, Jones, or Godinez were similarly apprised of Plaintiff's claims against them. To the extent that the amended complaint alleges action against these four individuals, it does so only in general and conclusory terms. *E.g.*, [37 ¶ 35] ("The Defendants continue to deny Plaintiff Treatment on an ongoing basis."); [37 ¶ 41] ("One or more of the defendants violated Plaintiff's rights under the Fourteenth Amendment of the United States Constitution when, knowing there was an unusual risk of harm to the Plaintiff caused by his severe mental illness, they were deliberately indifferent to this [sic] serious medical needs."). These scant allegations are insufficient to clear the facial plausibility threshold set by the Supreme Court in *Iqbal*: "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. That is, the Court is unable to infer from these allegations that Hart, Marshall, Jones, and/or Godinez were personally involved in any violations of Plaintiff's constitutional rights. See *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

This is not to say that Plaintiff needs to "explicitly parse which of the named Defendants were responsible" for each and every complained-of action. *Warren ex rel. Warren v. Dart*, No. 09-cv-3512, 2010 WL 4884923, at *7 (N.D. Ill. Nov. 24, 2010). As the Seventh Circuit has explained, "[a] prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted – *if it names the persons responsible for the problem*." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (emphasis added). The Court has reviewed the complaints found adequate in *Warren* and *Burks*, and, though neither is exemplary, both contain more detailed allegations than Plaintiff's amended complaint here.

As it currently stands, Plaintiff's amended complaint fails to allege any action taken by Defendants Hart, Marshall, Jones, and/or Godinez. And since "[a]n *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation," *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983); see also *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008); *Townsend v. Fuchs*, 522 F.3d 765, 775 (7th Cir. 2008), the Court grants without prejudice these Defendants' motion to dismiss Count I against them in their individual capacities. Should Plaintiff uncover information enabling him to assert plausible claims for relief against these Defendants in their individual capacities, he may seek leave to file an amended complaint.

The Court notes that Defendants' *Potter*-based argument may well apply with equal force to Plaintiff's state law claim of intentional infliction of emotional distress. Defendants neglected to make any substantive argument about this count in their motion to dismiss, however. All of their arguments are made in terms of "§ 1983 actions" and "constitutional rights," which does not and cannot put Plaintiff on notice that the viability of his state law tort claim is being challenged. Count II of Plaintiff's amended complaint against Defendants Hart, Marshall, Jones, and Godinez therefore survives.

### B. Official-Capacity Claims

A different group of Defendants – Hart, Marshall, Jones, Godinez, Kelner, and Carter – has moved to dismiss the claims pending against them in their official capacities. As with the individual-capacity claims, Defendants fail to make any substantive argument as to why Plaintiff's state law claim against them in their official capacities should not go forward. Again using only the language of § 1983, Defendants contend that under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978), they cannot be held liable in

8

their official capacities since Plaintiff has not alleged with respect to these Defendants that he suffered injuries of a constitutional magnitude as a result of an official custom, policy, or practice. [47 at 4]. (Notably, Defendant Dart has not moved to dismiss Plaintiff's claims on this ground.) Plaintiff responds that paragraph 47 of the amended complaint contains sufficient factual matter to state a claim for relief against this group of Defendants in their official capacities. [49at 3-4]. Defendants retort that paragraph 47 lies within Count III of the amended complaint and is therefore directed only at "Cook County, and the Sheriff of Cook County." [51 at 2]; see [37 ¶ 47].

### 1. Absence of Cook County

Official capacity suits are simply a way of pleading an action against an entity of which the officer is an agent. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)); see also *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) ("A claim against a government employee acting in his official capacity is the same as a suit directed against the entity the official represents."). Thus, Plaintiff's official-capacity allegations against all the Defendants are in essence a suit against Cook County. As Defendants point out, however, Cook County is not a named party to the suit. This presents a bit of a problem with respect to Defendant Sheriff Dart, an "independently elected county officer [who is] not an employee of the county in which [he] serves," *Carver v. Sheriff of LaSalle Cnty.*, 787 N.E.2d 127, 136 (Ill. 2003), because the Seventh Circuit has held that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected officer." *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003).

Fortunately, the Seventh Circuit has also explained how Federal Rule of Civil Procedure 19 may be used to remedy this problem. See *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 635-36 (7th Cir. 2009). It does not appear that the Seventh Circuit has specifically held that the Court may apply Rule 19 without some request by the parties to do so. Yet other courts to consider that very question have reasoned that "[b]ecause Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue sua sponte even if it is not raised by the parties to the action." *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382-83 (2d Cir. 2006); *Delgado v. Plaza Las Ams., Inc.*, 139 F.3d 1, 2 (1st Cir. 1998); see also 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 1609 (3d ed. 2006) ("[B]oth the trial court and the appellate court may take note of the nonjoinder of an indispensable party sua sponte."); 4 James Wm. Moore et al., *Moore's Federal Practice – Civil*, § 19.02 [4][a] (3d ed. 2006) ("The district court may raise compulsory joinder on its own motion."); *cf. Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968) (instructing courts to take steps on their own initiative to protect the rights of absentee parties). Moreover, Federal Rule of Civil Procedure 21 provides that "the court may at any time, on just terms, add or drop a party." The Court therefore proceeds to the analytical and remedial process the Seventh Circuit set forth in *Askew*.

"The first step * * * is to identify which parties (if any) fall within the scope of the rule." *Askew*, 568 F.3d at 635. Under Rule 19(a)(1)(A), a "required party" is one that is (i) subject to service of process, (ii) whose joinder will not deprive the court of subject-matter jurisdiction, and (iii) in whose absence "the court cannot accord complete relief among existing parties." Cook County satisfies those criteria. See *Askew*, 568 F.3d at 636. The Court thus looks to Rule 19(a)(2), which "specifies the correct response by the court." *Id.* at 635. Pursuant to Rule

19(a)(2), "[i]f a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). Therefore, pursuant to its authority under Rules 19(a)(2) and 21, the Court orders that Cook County be joined to this suit as a defendant.

### 2. § 1983 Claims

As explained above, Plaintiff's § 1983 claim against Defendants Hart, Marshall, Jones, Godinez, Kelner, and Carter in their official capacities is tantamount to a claim against Cook County. Municipal entities such as Cook County "may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690). These six Defendants contend that Plaintiff failed to allege that any such policy, practice, or custom was the moving force behind his injury. They note, correctly, that Plaintiff's allegations concerning "interrelated informal policies, practices, and/or customs of the Sheriff of Cook County and his CCDOC personnel" fall under the umbrella of Count III, which is directed only at Defendant Dart and Cook County. [37 ¶ 47]. "Since that Count does not apply to Defendants Hart, Marshall, Jones, Godinez, Kelner, and Carter," they reason, "the Amended Complaint is completely void of any official capacity claim against them." [51 at 2].

Defendants take too narrow a view of the amended complaint and Plaintiff's allegations. It is the complaint taken as a whole that "must establish a nonnegligible probability that the claim is valid," *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011), and paragraph 47, which moving Defendants appear to concede is sufficient but for its placement under Count III, is part of that whole. So too is paragraph 39, which is incorporated into Count I and takes aim at

11

the "inconsistent," "random," and "chaotic" manner in which Cook County employees follow up on detainees' medical complaints. When these allegations are read together with the rest of Plaintiff's amended complaint, they are sufficient to raise a plausible claim as to the existence of a policy, practice, or custom that resulted in Defendants acting with deliberate indifference to Plaintiff's medical needs.

Yet the Court nonetheless concludes that Defendants Hart, Marshall, Jones, Godinez, Kelner, and Carter may be dismissed as official-capacity defendants. In their reply brief, Defendants assert that "Sheriff Dart and/or Cook County would be the only proper defendants in Plaintiff's *Monell* claim." [51 at 2]. Although the Court is unaware of any categorical rule that any one municipal official is the "proper" one to name in a *Monell* claim, "[a]ctions against individual defendants in their official capacities are treated as suits brought against the government entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Thus, nothing is gained when an individual is sued in his or her official capacity alongside his or her employing municipality, see, *e.g.*, *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987), and even less is gained when numerous defendants are sued in their official capacities where suing one (or simply naming the municipality) would accomplish the same end. See *Harris v. Denver Health Med. Ctr.*, No. 11–cv–01868, 2012 WL 1676590, at *7 (D. Colo. May 10, 2012) ("A § 1983 claim is properly plead against a municipality either by naming the municipality itself or by naming a municipal official in his or her official capacity. Naming either is sufficient. Naming both is redundant." (quotations and citation omitted)). Courts have therefore dismissed defendants sued in their official capacities from suits when the municipality itself is also named as a defendant. See, *e.g.*, *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is

functionally equivalent to a suit against the employing government entity. Thus, the court properly dismissed the claim against Leonard as redundant of the claim against the City." (citation omitted)); *Jackson v. Shelby Cnty. Gov't*, No. 07-6356, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008) ("[T]he district court properly granted summary judgment to the defendants on the claims against the sheriff in his official capacity because those claims mirror the claims against the County, and are therefore redundant."); *Smith v. Dart*, 11 C 00014, 2012 WL 965115, at *9 (N.D. Ill. Mar. 21, 2012) ("Plaintiff additionally pleads a *Monell* claim against Defendant Dart, the Cook County Sheriff, and Defendant Hart, the Chief Medical Officer of Cermak Health Services of Cook County, in their official capacities. The Court construes Plaintiff's *Monell* claim as a claim against the Cook County Sheriff's Department and Cook County, respectively." (citations omitted)). Here, Plaintiff has not named the pertinent municipal entity as a defendant but has identified and sued in their official capacities seven individuals. Defendant Dart has not sought dismissal of any of the official-capacity claims against him, so Plaintiff's *Monell* theory of liability will live on with or without the presence of the six Defendants who have moved to dismiss the official-capacity claims. The Court sees no principled difference between dismissing official-capacity claims against individuals where claims against the municipality survive and dismissing official-capacity claims against individuals where claims against another individual in his official capacity remain viable, particularly where the municipal defendant is being joined to the case in any event. The Court therefore grants Defendants' motion to dismiss the official-capacity § 1983 claims against Defendants Hart, Marshall, Jones, Godinez, Kelner, and Carter.

### 3. Punitive Damages

Defendants' final argument is that all claims for punitive damages against all Defendants in their official capacities should be dismissed because municipalities are immune from punitive

damages under 42 U.S.C. § 1983. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). Plaintiff does not refute this argument, and the case law makes clear that Defendants' position on this issue is the correct one. To the extent that Plaintiff seeks punitive damages from Defendants in their official capacities via Counts I and III (the § 1983 counts), those claims for relief are dismissed. Plaintiff's claims for compensatory damages and other relief survive, as do his claims for punitive damages against Defendants sued in their individual capacities.

**IV.  Conclusion**

For the reasons stated above, Defendants' motion to dismiss Plaintiff's § 1983 claims against Defendants Hart, Marshall, Jones, and Godinez in their individual capacities is granted and the claims are dismissed without prejudice. Defendant's motion to dismiss Plaintiff's § 1983 claims against Defendants Hart, Marshall, Jones, Godinez, Kelner, and Carter in their official capacities is granted with prejudice. Defendants' motion to dismiss all official-capacity § 1983 claims for punitive damages is granted. To the extent Plaintiff's official-capacity claims against Defendant Dart have survived, the Court orders that Cook County be made a party to the action. The suspension of discovery [53] is lifted, and the parties may proceed with discovery. Should Plaintiff uncover information enabling him to assert plausible claims for relief against the dismissed Defendants in their individual capacities, he may seek leave to file an amended complaint.

Dated: November 13, 2012

_____
Robert M. Dow, Jr.
United States District Judge